### JAMES FLOYD HOLLINGER V. STATE

No. 33,087. March 29, 1961

WOODLEY, Presiding Judge, absent.

*Irwin* and *Irwin, George W. Irwin,* and *R. T. Scales,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Tucker, Jack Hampton, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for felony theft with a prior conviction for an offense of like character alleged for enhancement; the punishment, ten years.

Proof was offered of the prior conviction alleged and that the appellant was the same person so convicted.

Manager Donnell testified that immediately after the appellant and another man had been waiting near the mink stole rack in the ladies ready-to-wear store for a woman companion to purchase a dress, she saw the appellant leaving the store with his jacket bulging and then noticed an empty hanger on the fur rack whereupon she pursued the appellant into the street. Two police officers near the store were alerted and they overtook the appellant in a short distance and removed a stole from under his jacket.

Manager Donnell identified the appellant at the trial as the person who was in the store when a stole was taken and that she saw the officer recover a stole from the appellant a few minutes later which was the one missing from the store. She further testified that she had the care, control and management of the store and the merchandise therein including the mink stole which was of the value of $550, and that it was taken without her consent.

The appellant, while testifying, stated that he was drunk at the time in question as he had been drinking vodka for several days and that he did not remember taking the stole, but he did admit that he had been previously convicted as alleged. On cross-examination he admitted several previous felony convictions, but denied having been convicted of others about which he was asked.

Appellant strenuously insists that the state committed error during his cross-examination by asking about the details of the prior conviction, and in asking about prior convictions while reading from memoranda because it showed incorrect information.

While testifying, the appellant in addition to the prior conviction alleged also admitted convictions in Arizona, Arkansas, and California, but he denied being convicted of two other offenses he was asked about. Appellant called the state's attorney who cross-examined him and the attorney's testimony shows that he was using a "record" as a basis for his question.

There was no objection to the use of the memoranda of the question and answer about any details concerning his drinking at the time of the safe burglary of Ed Masher's house which appears from the record to be the offense resulting in the conviction relied on for enhancement.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.